UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GABRIEL IVAN,

      Petitioner,

  -v-                                                    No.  22- CV -3999-LTS

INTERACTIVE BROKERS LLC,

      Respondent.

-------------------------------------------------------x

## ORDER

      This action concerning an arbitration award was commenced by the filing of a Petition to Vacate on May 17, 2022 and a Cross-Petition to Affirm on August 15, 2022, and was transferred to the docket of the undersigned on June 8, 2023.  Petitioner has invoked the diversity jurisdiction of the Court pursuant to 28 U.S.C. section 1332, but the Petition and Cross-Petition lack factual information from which the parties' citizenship, and thus the Court's jurisdiction, can be ascertained.

      For purposes of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship," Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (citation omitted); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Reynolds v. Wohl, 332 F. Supp. 2d 653, 656-57 (S.D.N.Y. 2004). The citizenship of an artificial business entity other than a corporation, including a limited liability company ("LLC"), is determined by reference to the citizenship of its members, see C.T. Carden v. Arkoma Associates, 494 U.S. 185 (1990); E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998); Keith v. Black Diamond Advisors, Inc., 48 F. Supp. 2d 326 (S.D.N.Y. 1999).  If the members of the LLC are other artificial entities, such as corporations or

LLCs, the LLC's citizenship encompasses the citizenship of each of the other entities, requiring examination of the citizenship of each of the entities and persons holding an interest (other than as a corporate shareholder) in the LLC or in its direct and indirect members.

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power," E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998) (citation omitted), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**No later than August 24, 2023,** Petitioner shall file a declaration concerning his citizenship, and Respondent shall file an updated Federal Rule of Civil Procedure Rule 7.1 statement that is compliant with the current version of the rule and contains information sufficient to establish the Respondent's citizenship, to enable the Court to determine whether it has subject matter jurisdiction over this action.

SO ORDERED.

Dated: New York, New York
August 14, 2023

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge