UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL IVAN,

                    Plaintiff,

-against-

INTERACTIVE BROKERS, LLC,

                    Defendants

22-CV-3999-LTS

### MEMORANDUM ORDER

Gabriel Ivan ("Petitioner" or "Mr. Ivan") brings this Motion pro se (docket entry nos. 34 ("Motion for Reconsideration")) requesting the Court amend its August 25, 2023 Memorandum Order denying Petitioner's motion to vacate the arbitration award granted in March 2022 (docket entry no. 30 ("August Order")). Petitioner asserts that the Court's decision overlooked specific facts and law material to the outcome. Respondents, Interactive Brokers, LLC, have filed a response objecting to Petitioner's request for reconsideration. (Docket entry no. 36.) The Court has jurisdiction over this action pursuant to 28 U.S.C section 1331.

For the following reasons, the Court denies Petitioner's motion.

### DISCUSSION

"A motion for reconsideration is governed by Local Civil Rule 6.3. In deciding a motion for reconsideration pursuant to Local Civil Rule 6.3 . . . [t]he moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion." See Weber v. Multimedia Ent., Inc., No. 97-CV-0682-JGK, 2000 WL 724003, at *1 (S.D.N.Y. June 5, 2000); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in

other words, that might reasonably be expected to alter the conclusion reached by the court."). A court may also grant a motion for reconsideration when doing so would "correct a clear error or prevent manifest injustice." Stone v. 866 3rd Next Generation Hotel, LLC, No. 99-CV-4780-LTS-KNF, 2002 WL 655591, at *1 (S.D.N.Y. Apr. 19, 2002) (citing Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)); see also Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) ("[W]e agree with our sister circuits that district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." (internal quotation marks and citations omitted)).

"A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple.'" MPD Accessories B.V. v. Urban Outfitters, Inc., No. 12-CV-6501, 2014 WL 3439316, at *1 (S.D.N.Y. July 15, 2014) (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)). The Second Circuit has recognized that "[t]he standard for granting such a motion is strict," Shrader, 70 F.3d at 257, and thus "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." MPD Accessories, 2014 WL 3439316, at *1 (internal quotation marks and citation omitted). Ultimately, the decision as to whether or not to grant a motion for reconsideration is entrusted to the district court's sound discretion. See, e.g., Devlin v. Transp. Commc'ns Intern. Union, 175 F.3d 121, 132 (2d Cir. 1999); see also In re MarketXT Holdings Corp., 455 F. App'x 41, 43 (2d Cir. 2012) (summary order) (holding that "[t]he court's denial of Appellants' motion to reconsider was not an abuse of discretion").

The Court finds that Petitioner Ivan has not satisfied his burden of demonstrating that the Court overlooked controlling law or factual issues material to the decision to confirm or

vacate the panel's March 2022 Arbitration Award. In this motion practice, Mr. Ivan once again asserts that the arbitration panel acted with manifest disregard for the law, citing the same legal arguments considered first by the arbitration panel and then by this Court in its August Order. Petitioner cites no law that the Court overlooked in making its determination, and the Court declines to relitigate these issues. Additionally, the two "erroneous facts" that Petitioner cites from the August Order were not material to the Court's determination to confirm the arbitration award, not clearly erroneous, or both. Neither "erroneous fact" provides a basis for the Court to amend its ruling. (<u>See</u> Motion for Reconsideration at 3-4.)

<u>Conclusion</u>

For the foregoing reasons, Petitioner Ivan's Motion for Reconsideration is denied. This Memorandum Order resolves docket entry nos. 33 and 34.

SO ORDERED.

Dated: New York, New York
October 4, 2023

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge